

12 CIV 4494

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALY DELEON, on behalf of herself
and all similarly situated individuals,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    <u>Defendant.</u>              /

CASE NO.:
ECF CASE

## NATIONWIDE COLLECTIVE/CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DALY DELEON ("Deleon" or "Plaintiff"), on behalf of herself and other "Loan Officer" employees and former employees similarly situated, by and through undersigned counsel, file this Complaint against Defendant, WELLS FARGO BANK, N.A. ("Wells Fargo" or "Defendant") and state as follows:

## NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of herself and other similarly situated current and former "Loan Officer" employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

2.     Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former "Loan Officer" employees of the Defendant, pursuant to Fed.R.Civ.P.23, that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law the New York Labor Law §§ 650 et seq. and the supporting

New York State Department of Labor regulations (collectively "NYLL"); (ii) entitle to unpaid minimum wages from Defendant, as required by the NYLL; and (iii) entitled to liquidated damages in an amount equal to her unpaid overtime and unpaid minimum wages pursuant to NYLL.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5. The Court has supplemental jurisdiction over Plaintiff's New York claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. This Court also has original jurisdiction over Plaintiff's New York claims pursuant to 28 U.S.C. § 1332(d) ("CAFA"), because there is diversity between the Defendant and at least one member of the putative class, the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and the putative class exceeds one hundred members in number.

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. At all times material hereto, Plaintiff was a resident of Bronxville, New York.

9. Further at all times material hereto, Plaintiff was a "Loan Officer" and performed related activities for Defendant in Westchester County, New York, among other counties.

10. At all times material hereto Defendant was, and continues to be a Foreign Profit Corporation, with its principle place of business located at 420 Montgomery Street, San Francisco,

California.

11. Further, at all times material hereto, Defendant was, and continues to be, engaged in business in New York, with places of business throughout the Southern District of New York.

12. At all times relevant hereto, Defendant has operated and continues to operate as a full-service bank and investment management firm, offering comprehensive financial and wealth management services and products.

## COVERAGE

13. From approximately, January 13, 2011 to January 11, 2012, Plaintiff was Defendant's "employee" within the meaning of FLSA.

14. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of FLSA.

15. Defendant was, and continues to be, an "employer" within the meaning of FLSA.

16. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of FLSA.

17. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

18. At all times material hereto, each Defendant was, and continues to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA.

19. At all times material hereto, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

20. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

21. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

## STATEMENT OF FACTS

22. Defendant operates as an integrated full-service bank, with branches nationwide.

23. Throughout her employment with Defendant, Plaintiff was employed by Defendant as a "Loan Officer."

24. Plaintiff worked in this capacity from approximately January 13, 2011 through January 11, 2012.

25. Plaintiff was paid solely commissions for all work performed.

26. Plaintiff, and those similarly situated to her, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

27. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

28. Similarly, because Plaintiff was paid solely by commissions, in weeks in which she made little or no commissions, Defendant failed to pay her at least minimum wages for each hour of work.

29. Defendant has employed and continues to employ hundreds of other individuals as "Loan Officers" who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiffs and the class members nationwide.

30. Defendants have violated Title 29 U.S.C. §§ 207 and the NYLL from January 13, 2011 and continuing to date, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of

employment with Defendant;

 b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL;

 c. No payments, and/or insufficient payments, have been made by Defendant to constitute at least minimum wage in at least some work weeks; and

 d. Defendant has failed to maintain proper time records as mandated by the FLSA and the NYLL.

31. Plaintiff has retained the law firms of MORGAN & MORGAN, P.A. and GOTTLIEB & ASSOCIATES to represent Plaintiff in the litigation and has agreed to pay the firms a reasonable fee for their services.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff and the class members were all "Loan Officers" and performed the same or similar job duties as one another in that they performed clerical duties in support of Defendant's mortgage services business.

33. Further, Plaintiffs and the class members were subjected to the same pay provisions in that they were paid solely commissions, not paid minimum wages for at least some hours of work, and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed minimum wages and overtime wages for the same reasons as Plaintiff.

34. Defendant's failure to compensate employees at a rate of the applicable minimum wage results from a policy or practice whereby Defendant pays all of its Loan Officers solely by

commissions, regardless of hours worked and regardless of commissions earned within a work week.

35. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "Loan Officers" are/were paid for overtime hours worked based on the Defendant's erroneous misclassification of its "Loan Officer" employees as exempt from overtime.

36. These policies or practices were applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All commission-only "Loan Officers" who worked for Defendant nationwide within the last three years who were not compensated at a rate equal to or greater than minimum wage for all hours worked and/or were not compensated time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks**

37. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

38. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

39. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without

compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

40. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

41. Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

42. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

43. Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since May 15, 2006, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for hours actually worked as well as overtime wages as required in violation of the New York Labor Law (the "Class").

44. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are hundreds of members of the Class during the Class Period.

45. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

46. The Defendant has acted or refused to act on grounds generally applicable to the class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

47. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

48. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

49. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendant employed the members of the Class within the meaning of the NYLL;

    b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NYLL;

    e. whether Defendant failed and/or refused to pay the members of the Class at least minimum wage for all hours worked;

    f. whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

    g. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

50.     These policies or practices were applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those in the Class. Rather, the same policy or practice which resulted in the non-payment of minimum wages and/or overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All commission-only "Loan Officers" who worked for Defendant within New York State within the last six years who were not compensated time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

## COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

51.     Plaintiff reallege and reavers paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.     From at least January 13, 2011 and continuing through January 11, 2012, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

53.     Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

54.     At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

55.     To date, Defendant continues to fail its "Loan Officer" employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

56.     Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate

Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

57. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

59. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

60. Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference paragraphs 1 through 59 as if they were set forth again herein.

61. At all relevant times, Plaintiff and the members of the Class were employed by the Defendant within the meaning of the NYLL §§ 2 and 651.

62. Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them proper compensation for all hours worked each workweek, as well as for overtime compensation at rates no less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the NYLL.

63. The Defendant's NYLL violations have caused Plaintiff, and the members of the Class, irreparable harm for which there is no adequate remedy at law.

64. Due to the Defendant's NYLL violations, Plaintiff and the members of the Class are entitled to recover from Defendant their unpaid wages, overtime compensation, liquidated damages,

pre-judgment interest, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL § 663(1).

## COUNT III
## MINIMUM WAGE VIOLATION UNDER FLSA

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-64 above.

66. Plaintiff was entitled to be paid minimum wage for each hour she worked during her employment with Defendant.

67. Defendant failed to pay Plaintiff minimum wage for each hour she worked for Defendant.

68. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate her for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

69. Defendant had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

70. Defendant willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

71. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.  An award of unpaid wages and overtime compensation due under the FLSA and the New York Labor Law;

f.  An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

g.  An award of prejudgment and post judgment interest;

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint and/or otherwise so triable.

Dated: June 5th, 2012

                        Respectfully submitted,

ANDREW FRISCH
MORGAN & MORGAN
600 N. Pine Island Road
Suite 400
Plantation, Florida 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: afrisch@forthepeople.com

Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
Gottlieb & Associates
Attorneys at Law
150 East 18th Street
Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284
E-Mail: nyjg@aol.com